THE STATE, CHAUNCEY S. FRENCH, PROSECUTOR, v. THE INHABITANTS OF THE TOWNSHIP OF EAST ORANGE, IN ESSEX COUNTY.

1. The title of the act of March 26th, 1886 (*Pamph. L., p.* 133), sufficiently expresses its object.
2. The said act applies to townships wherein the power of opening streets belongs to the township committee.
3. The said act confers the power of stopping the opening of a proposed street, upon the owners of a majority of the frontage, on the contemplated improvement, of land legally subject to assessment therefor.
4. An appeal from an award of damages for land taken, because of inadequacy, is not a waiver of objections based upon the illegality of the condemnation, when the appeal must be taken within a short fixed time or be lost.

On *certiorari*.

Argued at November Term, 1886, before Justices KNAPP and DIXON.

For the prosecutor, *J. H. Meeker, Jr.*

For the defendants, *A. P. Condit.*

The opinion of the court was delivered by

DIXON, J.   This *certiorari* brings up the proceedings for laying out and opening an extension of Winans street, from Main to Chestnut streets, in the township of East Orange, including the awards for damages and the assessments for benefits on account thereof.

The proceedings were initiated February 6th, 1886, and the report of commissioners making the awards and assess-

ments was presented to the township committee July 12th, 1886, and adopted by that committee, on August 9th, 1886. On May 5th, 1886, a remonstrance in writing against the laying out and opening of the street, signed by Chauncey S. French and George W. Blackwell, was filed with the township clerk, and by him was, on May 10th, 1886, laid before the township committee. French and Blackwell owned all or nearly all the land fronting on the proposed street, and owned all the land reported by the commissioners to be assessable for benefits.

On these facts the prosecutor contends that the township committee and the commissioners of assessments were bound to desist from and proceed no further with the laying out and opening of the street after May 5th, 1886, in obedience to "A further supplement to an act entitled 'An act concerning townships and township officers,' approved April 21st, 1876," which supplement was approved March 26th, 1886. *Pamph. L., p.* 133. This contention is in accordance with the apparent intention of the statute, and must prevail unless some of the objections urged by the defendants are valid.

The first objection is that the act is unconstitutional because its object is not expressed in its title, the title being too general to indicate the purpose of the law. This objection cannot be sustained. The purpose of the law was to limit the powers of townships and township officers. Such a purpose is clearly embraced within the title and is sufficiently indicated by it. "The degree of particularity which must be used in the title of an act rests in legislative discretion, and is not defined by the constitution." *Walter* v. *Town of Union,* 4 *Vroom* 350; *Van Riper* v. *North Plainfield,* 14 *Vroom* 349; *Randolph* v. *Wood, ante.* p. 85.

The second objection is that the law is not applicable to East Orange, because there the township committee, and not the township, possesses the authority to lay out and open streets (*Pamph. L.* 1871, *p.* 1043; *Pamph. L.* 1873, *p.* 600), and therefore the township cannot, in the language of the act of 1886, "have in contemplation the laying out," &c. We

think the township committee stands for the township in this respect.

The third objection is that the act affects such townships only as are by law limited, in the making of assessments for benefits, to the lands fronting on the proposed street; that otherwise it cannot be known whether a remonstrance is sufficiently signed until the assessment is levied, when it is too late to be effective. We do not think so narrow a construction is required. We understand the act to confer the right to stop the proposed improvement, upon the owners of the majority of the frontage thereon, if their land is liable to be assessed therefor. If the land did not front on the proposed street, or if it was legally exempt from assessment, its owner would acquire by this law no power to prevent the opening. So that as soon as the scope of the new street is defined, the necessary remonstrants are ascertainable.

In our judgment the remonstrance filed May 5th, 1886, rendered the opening of the proposed street illegal.

The prosecutor did .not waive his objections for illegality by appealing from the award of damages within the time limited by the local law. *Pamph. L.* 1871, *p.* 1043, § 7. There is no inconsistency in his saying that the condemnation of his land was unauthorized, and at the same time that the compensation awarded was inadequate. The law gives him the right to take both positions.

Let the proceedings brought up be set aside, with costs.